UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

CIVIL ACTION NO. 11-CV-00009-HRW

RAYMOND TAYLOR                                                                PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

ERIC WILSON, WARDEN                                                    RESPONDENT

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Raymond Taylor, who is in the custody of the Federal Bureau of Prisons ("BOP") and confined at the United States Penitentiary-McCreary, in Pine Knot, Kentucky, has petitioned the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 2] Taylor alleges that the manner in which the BOP has calculated his sentences and parole eligibility date violates the *ex post facto* Clause of the U.S. Constitution. As explained below, the Court will deny the petition because the BOP's calculations do not violate the *ex post facto* Clause.

## BACKGROUND

Between 1988 and 1990,Taylor was convicted of several armed robbery offenses in the District of Columbia ("D. C.") Superior Court and received three

separate sentences.[1] While Taylor was serving his D.C. sentences, he attempted to escape from custody and was convicted of Attempted Escape in federal court in the Eastern District of Virginia. On August 31, 1990, the Eastern District of Virginia sentenced Taylor to a thirty-seven month prison term, ordering it to run consecutively to his D.C. Superior Court sentences.

On July 1, 2008, Taylor filed his first Section 2241 petition in this Court, alleging that (1) the BOP lacked authority to change the D.C. Department of Corrections' more favorable calculations of his D.C. sentences in 1992 and 1996;[2] (2) the BOP used erroneous information to calculate his sentence and parole eligibility,

---

[1] The District of Columbia Superior Court imposed the following sentences on Taylor:

1. **Case No. F6523-88** – sentenced on January 5, 1989, to a 10 to 30-year term for Armed Robbery.

2. **Case No. F10036-88** – sentenced on January 26, 1990, on several counts, including Robbery: a 1 to 3-year term to be served first and consecutive with two concurrent terms of 10 to 30 years to be served and one concurrent 5-15 year term; additionally a five-year Mandatory Minimum term, all to run consecutively to the earlier sentence in No. F6523-88, for a total 11 to 33-year aggregate term; and a 10-year Mandatory Minimum term to run consecutively to any other sentence being served.

3. **Case No. F11225-88** – sentenced on May 14, 1990, on several Robbery counts, including concurrent sentences for an 8 to 24-year term and a 3 to 9 year term, to run consecutively to another set of concurrent 8 to 24-year and 3 to 9 year terms, for a total aggregate term of 16 to 48-years.

Under D.C. law, if a judgment does not specify otherwise, then all of the defendant's sentences must be served consecutively. *See* D.C. Code § 23-112. Since Taylor received three sentences and the first was silent as to any other sentence, it and any other silent judgment must be served consecutively; none can be concurrent.

[2] Taylor argued in his first habeas petition that under the 1992 computations of the D.C. Department of Corrections, his three D.C. sentences ran for an aggregate term of only 27 to 85 years, eight months, and eight days, **not** an aggregate term of 37 to 111 years as the BOP contended.

and (3) his punishment violated the *ex post facto* clause of the United States Constitution. *See Taylor v. Stine*, No. 6:08-CV-215-GFVT (E.D. Ky.). The United States responded that the BOP had accurately calculated the term of Taylor's three D.C. sentences and his parole eligibility date, and that his claims were moot.

On April 16, 2009, the Court denied Taylor's habeas petition. *See* Order, 08-CV-215-GFVT, [D. E. No. 20]. First, the Court rejected Taylor's claim that the BOP lacked authority to re-calculate his D.C. sentences, explaining that the National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Public Law No. 105-33, §§1100-1723, 111 Stat. 251, 712-87 (1997), transferred the authority of the D.C. Board of Parole to the United States Parole Commission (the "USPC") and gave the BOP authority to compute D.C. Code offenders' sentences. *See* Order, [D. E. No. 20, p. 4, citing D.C. Code § 24-131(a)(1) and 28 C.F.R. § 2.80, *et seq*.].

Second, the Court agreed with the BOP's computations showing that Taylor's three D.C. sentences are for an aggregate term of 111 years, which includes an aggregated minimum term of thirty-seven years and a combined mandatory minimum term of fifteen years. The Court rejected Taylor's claim that his D.C. sentences run for an aggregate term of only 27 to 85 years. The Court noted that D.C. Department of Corrections officials had determined in 1992 and 1996 that Taylor's aggregate D.C. sentences were only 27 to 85 years, eight months and eight days, but explained that in 2003, the D.C. Department of Corrections acknowledged in writing that the

prior 1992 and 1996 computations were mistaken because that office had ignored one of Taylor's three D.C. sentences. Based on that clarification, the Court determined that the prior sentencing calculations from 1992 and 1996, on which Taylor had relied, were erroneous and that BOP's current calculations were correct.

The Court also rejected as moot Taylor's claim that the BOP had incorrectly calculated the high end of his aggregate D.C. sentences as being 116 years. The Court explained that in 2008, BOP officials discovered that D.C. officials had erroneously calculated the high end of Taylor's aggregate D.C. sentences at 116 years,[3] and corrected the error to reflect that Taylor's D.C. sentences run for an aggregate term of 37 to 111 years, not 37 to 116 years. [*Id.*, p. 6]. Thus, Taylor's claim on that issue was moot.

Third, the Court determined that because Taylor's D.C. sentences would run for an aggregate term of 37 to 111 years, the BOP correctly calculated that his parole eligibility date would be in 2018, and that unless Taylor is granted parole from his D.C. convictions, he will not begin serving his federal sentence until November 29, 2054, which is his mandatory release date from his D.C. sentences. [*Id.*, pp. 6-7].

---

[3] In 1988, Taylor robbed a pizza restaurant while on parole. On August 15, 1998, the D.C. Board of Parole issued and executed a warrant for that parole violation, but failed to conduct a parole revocation hearing. Because the parole revocation hearing was never held, Taylor could not be sentenced to the parole violator term of five to nineteen years. This term had been used to arrive at the 116-year aggregate term, and the lack of a revocation hearing was not discovered until 2008. When the BOP notified the USPC of this error in February of 2008, the USPC released its warrant and closed the parole violator case. The BOP then recalculated Taylor's sentences down to the aggregated 111-year sentence. *See* Mem. Op. & Ord, 08-CV-215-GFVT, [R. 20, pp. 5-6].

Fourth and finally, the Court declined to address Taylor's claim that the BOP's sentence and parole eligibility date calculations violate the *ex post facto* clause, finding that the record revealed that Taylor had not administratively exhausted that particular claim. [*Id.*].

After the Court dismissed Taylor's first Section 2241 petition, he began the administrative remedy process anew by filing a set of remedies identified as "Remedy ID No. 541217." Taylor alleged in his remedy request that the BOP had incorrectly determined that his D.C. sentences run for an aggregate term of 37 to 111 years; that in accordance with the D.C. Department of Corrections' prior calculations from 1992, his sentences should be calculated as an aggregate term of 27 to 85 years, eight months and eight days, with a parole eligibility date in July 2011; and that the BOP's new computations violated the *ex post facto* clause.

The BOP denied Taylor's remedy requests and appeals at all levels. [D. E. No. 2-3, pp. 6, 7, and 9] On November 18, 2009, the BOP Central Office explained that pursuant to the Revitalization Act, the BOP has the sole authority to calculate the prison terms for D.C. Code offenders; and that the BOP's Designation and Sentence Computation Center had correctly determined that the aggregate term of Taylor's D.C. sentences was 37 to 111 months, with a parole eligibility date of March 15, 2018. [*Id.*, p. 9]

In 2010, Taylor filed a second Section 2241 petition alleging that his sentence violated the *ex post facto* clause, *Taylor v. Wilson*, 6:10-CV-75-GFVT (E.D. Ky.),

which the Court dismissed without requiring the government to respond because Taylor had not in fact administratively exhausted the *ex post facto* aspect of sentence computation challenge. *See Taylor v. Wilson*, 2010 WL 2178521, at *2 (E.D. Ky. 2010). Taylor then submitted another remedy request challenging his sentence computations, which Warden Wilson and BOP Regional Director "C." Eichenlaub rejected on the ground that the BOP had previously addressed the same issues in Remedy ID No. 541217-F1. [D. E. No. 2-3, pp. 11 and 13]

Taylor then filed this Section 2241 petition (his third), arguing that the 1997 Revitalization Act, enacted years after he began serving his D.C. sentences, has retroactively increased the term of his D.C. sentences, and postponed his parole eligibility date by seven years, contrary to the D.C. Department of Corrections' computations from 1992 and 1996. Taylor claims that this result violates the *ex post facto* Clause. He seeks an order directing the BOP to revise its computations to reflect that his D.C. sentences run for an aggregate term of 27 to 85 years, eight months, and eight days, in accordance with the D.C. Department of Corrections' prior calculations from 1992 and 1996.

## DISCUSSION

Taylor's claims - that the D.C. Department of Corrections' 1992 and 1996 calculations control the term of his aggregate D.C. sentences and parole eligibility date, and that the Revitalization Act subjects him to increased punishment in violation of the ex post facto Clause - lack merit because (1) his punishment was not

"increased" *ex post facto* as a result of the Revitalization Act, and (2) the Revitalization Act is not the type of law which results in any type of excessive punishment applied retroactively.

In arguing that the Revitalization Act has increased his term of incarceration after his sentence was imposed, Taylor ignores the fact that in 2003 the D.C. Department of Corrections explained in writing that in 1992 - and again in 1996 - officials in that agency had overlooked one of Taylor's three D.C. sentences, and that as a result, had incorrectly computed his aggregate sentence as 27 to 85 years, eight months, and eight days. *See* Mem. Op. & Ord., 08-CV-215-GFVT, [D. E. No. 20, pp. 4-5, citing D. E. No. 19, "Exhibit 4, dated October 14, 2003"]

While the Revitalization Act gives the USPC exclusive jurisdiction over all D.C. felony prisoners wherever confined, *Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir.1998), it did not change the substance of D.C. parole law, and vested the USPC with the same degree of discretion which the D.C. Board of Board of Parole had enjoyed, which was to apply and revise the D.C. parole regulations and guidelines. *Muhammad v. Mendez*, 200 F. Supp. 2d 466, 470 (M.D. Pa. 2002). In this case, the BOP did not "increase" the term of Taylor's three D.C. sentences *ex post facto* because of, or pursuant to, the Revitalization Act; rather, it merely discovered, corrected, and notified Taylor of mathematical sentencing and parole eligibility date errors that D.C. officials made in 1992 and 1996 when computing his D.C. sentences.

Further, The Revitalization Act is not an *ex post facto* law because it "only transferred paroling authority from one agency to another." *Smith v. Lamana*, 2007 WL 904282, at *6 (D.S.C. 2007) (*citing Franklin*, 163 F.3d at 632); *Jackson v. U. S. Parole Commission*, 2009 WL 122592, at *4-5 (E.D. Va.2009). Under D.C. parole law and regulations in place when Taylor was convicted in 1988-1990, he had always been subject to an aggregate term of 37-111 years for his three D.C. sentences; his record just did not reflect that fact because D.C. officials had erroneously overlooked one of his three D.C. sentences, arrived at an incorrect computation in 1992 and 1996 based on that oversight, and conveyed the erroneous computations to Taylor. The error was not discovered until 2003, when federal officials (who by that time had assumed supervision and control over all sentencing issues pertaining to D.C. felony prisoners) corrected Taylor's sentencing records to reflect the an aggregate sentence of 37 to 111 years based on three D.C. sentences.

Taylor is not serving any more time in federal custody than he would have if the D.C. officials had discovered and corrected their own computation mistakes in 1992 and 1996. Taylor is essentially arguing that the BOP should be bound by the D.C. officials' erroneous sentencing calculations from 1992 and 1996, and that the BOP should estopped from correcting the aggregate term of his D.C. sentence to 37 to 111 years. A party seeking to estop the government from taking some type of action must allege affirmative misconduct. *Tefel v. Reno*, 180 F.2d 1286, 1303 (11th Cir. 1999); *United States v. Guy*, 978 F.2d 934, 937 (6th Cir. 1992). Taylor does not

allege, and there is nothing in the record suggests, that the government engaged in affirmative misconduct. Instead, in 1992 and 1996 D.C. officials simply made a sentencing mistake which reflected an much earlier satisfaction date of Taylor's D.C. sentences, and a parole eligibility date in 2011, instead of 2018.

While it is unfortunate that Taylor was advised of an erroneous release and parole eligibility date, the BOP was not precluded from correcting the error and as to his three D.C. sentences, because a prisoner has no legally protected interest in the earlier misapplication of rules and regulations concerning his release date. *Dann v. Martinez*, 2007 WL 1203186, at *3 (D.S.D. 2007); *see also McQuerry v. U.S. Parole Comm'n*, 961 F.2d 842, 846-47 (9th Cir. 1992) (Parole Commission is not estopped from reopening petitioner's case and forfeiting erroneously granted sentence credits simply because the BOP had mistakenly given petitioner an early presumptive release date); *Molloy v. Berkebile*, 2007 WL 30252, at *2 (N.D. Tex. 2007) ("If the BOP has erroneously calculated petitioner's projected release date, it has authority to correct that error and should be permitted to do so."); *Freeman v. Warden, USP Coleman*, 2006 WL 845358, at *2 (M.D. Fla. 2006) (BOP is not estopped from withdrawing credits that were awarded erroneously).

Taylor may not avail himself of the oversight and resulting sentencing error D.C. officials made in 1992 and 1996, which federal officials later corrected in 2003. As the Court explained on April 16, 2009 when denying Taylor's first habeas petition, the USPC's calculation of an aggregate term of 37 to 111 years on Taylor's

three D.C. sentences, and a parole eligibility date in 2018, is mathematically correct. As Taylor has not been subjected to *ex post facto* punishment in any respect, the Court will deny his current Section 2241 petition.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Raymond Taylor's Petition for Writ of Habeas Corpus [D. E. No. 2] is **DENIED**;

(2) This cause of action will be **DISMISSED** from the docket of the Court; and

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 5th day of June, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge